IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IMBLOWINGUP, LLC<br><br>　　　　　Plaintiff<br><br>v.<br><br>KENZINC, LLC<br><br>　　　　　Defendant | CIVIL ACTION NO. 6:14-cv-524<br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT AND INVALIDITY**

Plaintiff imblowingup, LLC ("Plaintiff" or "imblowingup") hereby pleads the following claims for Declaratory Judgment against Defendant Kenzinc, LLC ("Defendant" or "Kenzinc"), and alleges as follows:

**PARTIES**

1.　　Plaintiff is a Texas limited liability company with its principal place of business located at 16969 Scenic Knoll, Conroe, Texas.

2.　　Plaintiff sells sealable measuring scoops including molded plastic funnel attachments under the name The Scoopie®.

3.　　Upon information and belief, Defendant is a Connecticut limited liability company with its principal place of business located at 280 Judd Road, Easton, Connecticut.

4.　　Defendant sells measuring scoops including funnel attachments under the name Scoop E-Z™.

5.　　Upon information and belief, and based on an assignment recorded at reel 021496, frame 0154, at the United States Patent & Trademark Office, Defendant is the assignee

- 1 -

of United States Patent No. 7,441,676 B2 to Pickering, Jr. ("the '676 Patent").  A copy of the '676 Patent is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

6. This action arises under the laws of the United States, in particular the patent laws set forth in Title 35 of the United States Code.

7. This Court has subject matter jurisdiction over this action and the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the matter arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 101 *et seq.*

8. An actual controversy exists between Plaintiff and Defendant through Defendant's assertion of its patent rights based on certain of Plaintiff's ongoing activities.

9. In particular, Defendant contends that Plaintiff's The Scoopie® products infringe the '676 Patent.

10. Plaintiff contends that it has the right to make, use, sell, and/or offer to sell its products and services in the United States, or import them to the United States, unhampered by Defendant.

11. This Court has personal jurisdiction over Defendant because, among other things, Defendant has established minimum contacts with the forum such that the exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

12. Upon information and belief, Defendant conducts business throughout the United States, and actively transacts business in the State of Texas.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATIONS

14. Defendant previously attempted to assert its patent rights against Plaintiff in the United States District Court for the District of Connecticut. See Kenzinc, LLC, v. imblowingup LLC et al., No. 3:13-cv-01833-JAM (D. Conn.) ("the Connecticut Action").

15. On December 12, 2013, Drew Pickering, Jr. ("Pickering"), the named inventor on the '676 Patent, and the owner of Defendant, filed a single-count complaint in the District of Connecticut against Plaintiff and two individuals alleging infringement of the '676 Patent by Plaintiff. Connecticut Action, Doc. No. 1.

16. Despite making allegations on behalf of Defendant, e.g., in the name of a corporate entity, Pickering filed the Connecticut Action pro se. Id.

17. Upon information and belief, Pickering is not an attorney or is not admitted to practice before the United States District Court for the District of Connecticut.

18. Upon information and belief, the filing of the Connecticut Action by Pickering on behalf of Defendant constituted the unauthorized practice of law.

19. On April 25, 2014, Plaintiff moved to dismiss or strike the Connecticut Action in its entirety pursuant to Rule 12 of the Federal Rules of Civil Procedure. See Connecticut Action, Doc. No. 20.

20. On May 16, 2014, the District of Connecticut granted Plaintiff's Motion to Dismiss the Connecticut Action at least because the Connecticut Action was filed pro se on behalf of a corporate entity, in violation of established precedent in the United States Court of Appeals for the Second Circuit. See Connecticut Action, Doc. Nos. 23.

21.     As of May 23, 2014, the Connecticut Action stands dismissed.  See Connecticut Action, Doc. No. 24.

22.     Following the dismissal of the Connecticut Action, Pickering indicated his intent to file a lawsuit on behalf of Defendant, asserting the infringement of the '676 Patent against Plaintiff in Texas.

23.     The '676 Patent includes a single claim.

24.     Claim 1 of the '676 Patent recites "[a] device for dispensing media comprising: a) an elongated handle portion defining opposed proximal and distal ends and having a longitudinal axis; b) a cylindrical scoop portion depending integrally from the handle portion and having an open mouth at one end thereof and a closed bottom at an other end thereof to hold a measured amount of material for dispensment; c) a funnel-shaped cover portion having a lower base section including a bottom end with a circumferential rim and an upper dispensing end defining a discharge orifice; d) a flexible hinge extending between and formed monolithic with the mouth of the scoop portion and the rim of the lower base section of the cover portion, and defining a hinge axis that extends tangent to the mouth of the scoop portion, wherein the cover portion is adapted for movement about the hinge axis between an open position and a closed position; and e) securing means depending from the rim of the base section of the cover portion for engaging the mouth of the scoop portion to secure the cover portion in the closed position, wherein the mouth of the scoop portion and the rim of the base section of the cover portion are in mating contact when the cover portion is in the closed position so as to enable the securing means depending from the rim of the base section to engage the mouth of the scoop portion."

25. The sealable measuring scoops sold by Plaintiff do not include each and every one of the recitations of the lone claim of the '676 Patent.

26. In particular, the sealable measuring scoops sold by Plaintiff do not include at least the structures, materials or acts described in the Specification of the '676 Patent as corresponding to the "securing means" recited in the lone claim of the '676 Patent.

**FIRST CLAIM FOR RELIEF**

**Declaratory Relief Regarding Non-Infringement of the '676 Patent**

27. Plaintiff incorporates herein the allegations of paragraphs 14-26 in their entirety.

28. An actual and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of the '676 Patent, for at least the reasons set forth above.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Plaintiff requests a declaration of the Court that Plaintiff does not infringe, and has not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '676 Patent.

**SECOND CLAIM FOR RELIEF**

**Declaratory Relief Regarding Invalidity of the '676 Patent**

30. Plaintiff incorporates herein the allegations of paragraphs 14-29 herein in their entirety.

31. An actual and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of the '676 Patent, for at least the reasons set forth above.

32.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Plaintiff requests a declaration of the Court that the '676 Patent is invalid under one or more sections of the Patent Act, 35 U.S.C. § 101 et seq., including, but not limited to, Sections 102, 103 and 112.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter declaratory judgment as follows:

(1)     That Plaintiff and Plaintiff's products and services do not infringe and have not infringed, either directly or indirectly, and literally or under the Doctrine of Equivalents, any valid claim of the '676 Patent;

(2)     That the '676 Patent is invalid;

(3)     That Defendant, and all persons acting on Defendant's behalf or in concert with Defendant, be permanently enjoined and restrained from charging, orally or in writing, that the '676 Patent is infringed by Plaintiff or any of Plaintiff's products or services, whether directly or indirectly, and literally or under the Doctrine of Equivalents;

(4)     That Plaintiff be awarded its costs, expenses, and reasonable attorney fees in this action; and

(5)     That Plaintiff be awarded such other and further relief as the Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable by a jury.

| | |
|---|---|
| Dated:  May 29, 2014 | */ s / William J. Cornelius*<br>William J. Cornelius<br>State Bar No. 04834700<br>wc@wilsonlawfirm.com<br>WILSON, ROBERTSON & CORNELIUS, P.C.<br>909 ESE Loop 323, Suite 400<br>P.O. Box 7339 [75711]<br>Tyler, TX  75701<br>Telephone: (903) 509-5000<br>Facsimile: (903) 509-5092<br><br>ATTORNEYS FOR PLAINTIFF<br>IMBLOWINGUP, LLC |

OF COUNSEL:

John C. Linderman
Richard J. Twilley
MCCORMICK, PAULDING & HUBER, LLP
CityPlace II
185 Asylum Street, 18th Floor
Hartford, CT  06103
Tel.:  (860) 549-5290
Fax:  (860) 527-0464
E-mail:  lind@ip-lawyers.com
E-mail:  twilley@ip-lawyers.com